COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-014-CR

                                        NO.
2-09-015-CR

                                        NO.
2-09-016-CR

 

 

VICTOR
GARCIA                                                                 APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL DISTRICT
COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant Victor Garcia was charged by indictment
with two offenses of attempted aggravated kidnapping and one offense of
aggravated robbery.  He waived his right
to a jury trial and entered open pleas of guilty to each offense, and the trial
court sentenced him to twenty years=
confinement for each of the attempted aggravated kidnapping offenses and sixty
years=
confinement for the aggravated robbery offense. 
Garcia appeals.  We will affirm.

Garcia=s
court-appointed appellate counsel has filed a motion to withdraw as counsel and
a brief in support of that motion.  In
the brief, counsel avers that, in his professional opinion, the appeal is frivolous.  Counsel=s brief
and motion meet the requirements of Anders v. California by presenting a
professional evaluation of the record demonstrating why there are no arguable
grounds for relief.  386 U.S. 738, 87 S.
Ct. 1396 (1967).  We gave Garcia the
opportunity to file a pro se brief, and he has filed one.[2]








As the reviewing court, we must conduct an
independent evaluation of the record to determine whether counsel is correct in
determining that the appeal is frivolous. 
See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App.
1991); Mays v. State, 904 S.W.2d 920, 923 (Tex. App.CFort
Worth 1995, no pet.).  Only then may we
grant counsel=s motion to withdraw.  See Penson v. Ohio, 488 U.S. 75, 82B83, 109
S. Ct. 346, 351 (1988).  Because Garcia
entered an open plea of guilty, our independent review for potential error is
limited to potential jurisdictional defects, the voluntariness of Garcia=s plea,
error that is not independent of and supports the judgments of guilt, and error
occurring after entry of the guilty plea. 
See Monreal v. State, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); Young
v. State, 8 S.W.3d 656, 666B67 (Tex.
Crim. App. 2000).

We have carefully reviewed the record, counsel=s brief,
Garcia=s brief,
and the State=s brief.  We agree with counsel that this appeal is
wholly frivolous and without merit; we find nothing in the record that might
arguably support the appeal.[3]  See Bledsoe v. State, 178 S.W.3d 824,
827B28 (Tex.
Crim. App. 2005); see also Meza v. State, 206 S.W.3d 684, 685 n.6 (Tex.
Crim. App. 2006).  Accordingly, we grant
counsel=s motion
to withdraw and affirm the trial court=s
judgments.

PER
CURIAM

 

PANEL:  MEIER, GARDNER, and WALKER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  October 15, 2009











[1]See Tex. R. App. P. 47.4.





[2]The State filed a brief.





[3]The points asserted in
Garcia=s brief regarding the
voluntariness of his guilty pleas, the sufficiency of the evidence to support
his guilt for the offenses, the ineffectiveness of trial counsel, and the
legality of a police search are without merit and do not constitute arguable
grounds for relief.